## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES FIDELITY AND GUARANTY CO.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| v. ] | **Case No. 04-BE-3500-S** |
| ] | |
| **SLATE SECURITY SYSTEMS, INC., et al.,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on Channing D. Woodard's Motion for Partial Summary Judgment (doc. 43). Because a genuine issue of fact exists, the Motion is due to be **DENIED**.

### II. STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present. *See* Fed. R. Civ. P. 56. A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mutual Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled

to judgment as a matter of law. Fed. R. Civ. P. 56. However, the nonmovant can defeat summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

### III. DISCUSSION

J. Daryl Slate and Shonna W. Slate are former owners of Slate Security Systems, Inc. ("SSSI"). SSSI was a contracting corporation specializing in detention facility construction. The Slates sold SSSI to Channing Woodard on August 9, 2002. Shortly after Woodard purchased the company, he alleges that he discovered, for the first time, information that was directly contradicted by the promises, representations, and information provided by the Mr. Slate. In this Motion, Woodard seeks a partial summary judgment against the Slates for breaching their obligations under the Stock Purchase Agreement. The Slates argue that Woodard waived any claim for breach of contract, and that the financial information given to Woodard was as accurate as possible at that time.

To prove a breach of contract under Alabama law, Woodard must show: (1) a valid contract; (2) his own performance under the contract; (3) the Slates' nonperformance; and (4) damages. *See Southern Medical Health Sys. v. Vaughn*, 669 So.2d 98, 99 (Ala. 1995). The court finds that a genuine issue of fact exists as to the third prong of this test: whether the Slates failed to perform under the terms of the Agreement. The court bases this conclusion on the affidavit of Robert D. Sittason, who was the controller of SSSI prior to the August, 2002 closing.[1] Sittason offered reasons as to the discrepancy in what was represented and the actual financial condition of SSSI, and testified that Woodard was provided with the most accurate information known at

---

[1] Sittason Affid., ¶¶4-9.

the time of closing.[2]  Contrary to Woodard's contention, Sittason's affidavit is not inadmissible because it complies with Rule 56(e)'s requirements and can be reduced to admissible evidence at trial.  See Fed. R. Civ. P. 56(e); Fed. R. Evid. 1002; *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996).

The court also finds a genuine issue of fact regarding waiver.  A waiver occurs when a party voluntarily surrenders a known right.  *Nunnelley v. Capital Information Technology Solutions-North America*, 730 So.2d 238, 241 (Ala. Civ. App. 1999).  As a general rule, whether a waiver has occurred is a question for the finder of fact.  *Id*.  In this case, no evidence suggests that Woodard voluntarily relinquished his right to sue on the contract by merely continuing to operate a business that he had already purchased from the Slates.  At best, a genuine issue of fact exists because Woodard did not remain silent about the discrepancies, but instead met with Mr. Slate at least twice to try and resolve the problems.[3]

## CONCLUSION

Viewing the evidence in the light most favorable to the non-moving party, the court finds that a genuine issue of fact exists regarding (1) whether the Slates failed to perform their obligations under the Agreement; and (2) whether Woodard waived his right to sue.  Accordingly, Woodard's Motion for Partial Summary Judgment is **DENIED**.

DONE and ORDERED this 3rd day of January, 2006.

---

[2] *Id*.

[3] Woodard's Dep. Vol. II, p. 105; PEX 49, p. 3.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE